

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. |
| | § | |
| JOHN MARCO (1) | § | |

3-08CR0070-K

## FACTUAL RESUME

**INFORMATION:**

Count One- Perjury, in violation of 18 U.S.C. § 1621(2).

**PLEA:**

Count One- Perjury, in violation of 18 U.S.C. § 1621(2).

**PENALTY:**

Five (5) years imprisonment; $250,000 fine, or twice the pecuniary gain to the defendant or loss to the victim, or both such fine and imprisonment; plus a term of Supervised Release of not more than three (3) years; plus a Mandatory Special Assessment of $100.00. If the defendant violates any condition of the term of Supervised Release, the Court may revoke such release term and require that the defendant serve an additional period of confinement. The effect of a revocation of a term of Supervised Release is to make the overall period of incarceration longer.

Restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone, with the restitution amount to be determined by the court; costs of incarceration and supervision.

**ELEMENTS OF**
**THE OFFENSE:**

In order to establish the guilt of the defendant for the offense of perjury, in violation of 18 U.S.C.§ 1621(2), as alleged in Count One of the information, the

government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>:    On or about the date alleged in the information, the defendant made a declaration, certificate, verification or statement (declaration);

<u>Second</u>:  That the declaration was made under penalty of perjury as permitted under 28 U.C. 1746;

<u>Third</u>:   That in the declaration the defendant willfully subscribed as true any material matter; and

<u>Fourth</u>:  That the defendant did not believe to be true.

## STIPULATED FACTS:

In about 2003, DIRECTV, Inc. filed numerous suits in the United States District Court for the Northern District of Texas (Dallas and Fort Worth Division). DIRECTV hired CPS Companies to serve process on the defendants in the civil suits. CPS hired defendant John Marco as a process server to serve summons on defendants in the civil case. On numerous instances, Marco claimed to have personally served summons on the defendants in the civil suits but failed to actually serve them. In many cases, because court documents reflected that the defendants had been served summons and the defendants failed to file an answer to the civil suit, DIRECTV took default judgments against many of the defendants who failed to file an answer. Marco's misrepresentation that he had actually served the summons on the defendants caused numerous default judgments to be set aside.

In one of the civil suits filed in the Dallas Division, No. 3:03-CV-1108-P, one of

the defendants was to be served at 302 North Rideway, Cleburne, Texas. On June 10, 2003, Marco filed or caused to filed a Return of Service and Statement of Service Fees form in the civil case with the Clerk of the U.S. District Court in Dallas, which reflected that Marco had personally served the defendant in the civil case, a copy of the summons and complaint at 9:13 a.m. on June 4, 2003, at 302 North Rideway, Cleburne, Texas. In the Return of Service form, Marco, in a declaration, certificate, verification or statement under penalty of perjury as permitted under 28 U.S.C. § 1746, did willfully falsely state that the information in contained in the Return of Service and Statement of Service Fees form was true. Marco knew the information contained in the return of service was false, in that, he did not personally serve the defendant a copy of the summons and complaint. In fact, Marco knew no one served the summons or complaint on the defendant in the civil case.

Specifically, on or about June 10, 2003, in the Dallas Division of the Northern District of Texas, John Marco, in a declaration, certificate, verification and statement under penalty of perjury as permitted under 28 U.S.C. § 1746, did willfully subscribe as true a material matter which he did not believe to be true, that is, Marco filed and caused to be filed in the United States District Court for the Northern District of Texas in connection with a civil case, a Return of Service and Statement of Service Fees form wherein Marco, under the penalty of perjury, falsely declared on the Return of Service and Statement of Service Fees form that on June 4, 2003, he had personally served a copy

of the summons and complaint upon the said civil case defendant at 302 North Rideway, Cleburne, Texas, which declaration Marco knew and believed was not true.

AGREED AND STIPULATED on this __5__ day of __Fo__, 2008.


_____  _____
JOHN MARCO                    RAY RODGERS
Defendant                     Counsel for Defendant